## CIRCUIT COURT OF FAIRFAX COUNTY

Cuccia et al.

v.

Government Employees Ins. Co. et al.

February 26, 1993

Case No. (Chancery) 125643

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me for trial on February 23, 1992. At the conclusion of the trial, the matter was taken under advisement for review of deposition transcripts submitted *de bene esse* and consideration of counsels' closing arguments and defendants' trial memorandum. Upon consideration of all of the above, as well as the laws and statutes of this Commonwealth, the Court finds that Blake Reiser did not have the actual or implied permission of the named insured, Robert Cuccia, to operate the vehicle. As a result, there is no coverage afforded to Mr. Reiser under the terms of the USAA policy.

Section 38.2–2204 of the Code of Virginia provides that a motor vehicle insurance policy must contain a provision insuring the named insured and any other person using or responsible for the use of the motor vehicle with the expressed or implied consent of the named insured. In this case, Robert Cuccia was the named insured. Mr. Cuccia gave permission to his son, David Cuccia, to operate the motor vehicle, a 1988 Chevrolet Corvette, during Thanksgiving week of 1990. It is clear from the evidence that at a party on the evening of the day after Thanksgiving, David Cuccia allowed Blake Reiser to operate the vehicle. During the operation of the vehicle by Mr. Reiser an accident occurred, and personal injury and property damage resulted. The issue before the Court is whether Mr. Reiser had the express or implied permission of Robert Cuccia to operate the vehicle.

If the permission that Robert Cuccia gave to David Cuccia to operate the vehicle was coupled with express restrictions or limitations that were violated by Mr. Reiser's operation of the vehicle, then Mr. Reiser did not have the express or implied permission of the named insured. On the other hand, if Robert Cuccia's permission to his son to operate the vehicle was not coupled with such express restrictions or limitations, then David Cuccia's permission to Mr. Reiser (as second permittee) would constitute implied permission of the named insured.

Evidence at trial of the presence of such restrictions was mixed. In favor of the restrictions, Robert Cuccia testified that the family had two or three motor vehicles that it bought for investment or showpiece purposes. He testified that it was the policy of the family that no one outside the family could drive those vehicles without a family member as a passenger; and that they could only be driven by prospective purchasers known by a family member. The 1988 Corvette was one such show-piece investment vehicle. Robert Cuccia testified that he specifically reminded his son of that policy when the son picked up the vehicle a few days before Thanksgiving. Significantly, the defendants point out that in his first telephone interview with USAA a day or two after the accident, Robert Cuccia made no mention of the restriction that a family member must accompany the non-family driver. Robert Cuccia was specifically asked what restrictions he placed on David Cuccia's use of the vehicle, and he replied that the vehicle was only to be used in a local area for short periods of time by prospective buyers that his son knew and knew to be responsible. In a follow-up telephone interview with USAA, Robert Cuccia informed the carrier of the added restriction of the requirement that a family member be a passenger.

David Cuccia testified by *de bene esse* deposition. Again, significantly, his testimony did not reference the requirement of a family member as passenger. However, in his initial interview with USAA, David Cuccia stated that he did not let anyone use the car unless he was in the car. Although that statement by David Cuccia supports Robert Cuccia's testimony, it should be noted that on one or two occasions David Cuccia violated that policy by allowing friends to drive the vehicle for brief periods to nearby locations. But there was no evidence that Robert Cuccia knew of these deviations from the restrictions he placed on David's use of the vehicle. Defendants also assert that the limitations on the length of the test drives, 10 to 15 minutes, suggest that those test drives would have been without a

family member in the car. Plaintiffs claim that limitation was just practical reflection of the length of time anyone needed on a test drive to determine their level of interest and the functioning of the motor vehicle.

Although the trial court was troubled by the failure of Robert Cuccia to inform USAA initially of the "family member as passenger" restriction, the Court was more persuaded by the likelihood that this policy did exist as to the family's investment-show piece motor vehicles. That David Cuccia on a couple of occasions let others drive the car without his presence as a passenger seems more in the nature of exception to a rule. There is no evidence that Robert Cuccia knew of occasional breaches of the rule by a recalcitrant son.

Additionally, the Court finds that Robert Cuccia's restriction on David Cuccia's allowing anyone else to drive the car was essentially limited to instances of test drives of the vehicle. Here, although Mr. Reiser was a prospect who had previously expressed interest in purchasing the car and had test-driven it, the occasion of his driving at the time of the accident was other than a test-drive. Rather, he was taking home friends from a party at which many, including David Cuccia, had been drinking.[1] The Court declines to find, as defense counsel urges, that all driving by Mr. Reiser was as a prospective purchaser because the car was brought to the party for "display."

For these reasons, the Court finds that Blake Reiser did not have actual or implied permission of the named insured to operate the vehicle, and therefore no coverage is afforded by USAA under its policy issued to Robert Cuccia.

---

[1] David Cuccia testified *de bene esse* that he had no recollection of the last half of the evening, including the time in which he allegedly gave permission to Mr. Reiser to drive the car. The Court finds clearly that such permission was given by him.